IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, a Not for Profit Corporation, Incorporated in the State of Washington,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOE CHAPMAN, the Sheriff of Walton County, Georgia, and WADE HARRIS, the Jail Commander for Walton County Jail, in their official and individual capacities<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 3:12-cv-125<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

**COMES NOW** Plaintiff Prison Legal News ("PLN") and files this complaint for damages and for declaratory and injunctive relief against Joe Chapman, individually, and in his official capacity as the Sheriff of Walton County, Georgia, and Wade Harris, individually, and in his official capacity as the Jail Commander for Walton County Jail (collectively "the Jail"). In support thereof, Plaintiff offers the following:

# I. NATURE OF THE CASE

PLN is an advocacy organization that offers books, periodicals, and informational brochures to prisoners in jails and prisons across the country. PLN regularly communicates with prisoners about jail and prison conditions, investigates apparent violations of constitutional rights, educates prisoners about the legal system, and engages in litigation as expressive conduct in order to vindicate its own rights and to clarify the law regarding the rights of prisoners and their supporters.

The Walton County Jail's mail policy unconstitutionally bans all publications and requires that all correspondence to or from prisoners in the jail (with the exception of "legal mail") be written on a postcard.  Both the blanket publication ban and postcard policy operate to prevent prisoners from receiving any of the written materials published by PLN and any of the letters sent by PLN and attorneys on PLN's behalf.  Further, the Jail's policies and practices do not afford prisoners or their correspondents adequate notice of nor an opportunity to challenge improper mail censorship or rejection.

The Jail also maintains a "privileged mail" policy.  This policy is unconstitutional because it employs an impermissibly narrow definition of what constitutes "privileged mail" – that is, "[m]ail clearly marked as being sent from

the inmate's legitimate attorney of record or their staff, court officials, government officials and the media." The legal mail sent by PLN's attorneys to inmates at Walton County is not considered "privileged" under this policy and, as a result, attorney communications have been censored by the Jail.

In sum, the Jail's publication ban, postcard-only policy and privileged mail policy violate the First and Fourteenth Amendments of the United States Constitution and PLN requests that this Court enjoin the Defendants from enforcing said policies and order Defendants to provide PLN with constitutionally adequate due process.

## PARTIES

1.     PLN is a project of the Human Rights Defense Center, a Washington State non-profit corporation. For the past 22 years, PLN's core mission has been public education, prisoner education, advocacy, and outreach to support the rights of prisoners and in furtherance of basic human rights. PLN publishes and distributes a monthly journal of corrections news and analysis (*Prison Legal News*), as well as books about the criminal justice system and legal issues affecting prisoners. PLN maintains a website at http://www.prisonlegalnews.org and operates an email list. All prisoners as well as their family, friends, advocates, and attorneys are among the intended beneficiaries of PLN's activities.

2.     PLN is an education and advocacy group that educates prisoners about the legal system, offers information about their rights, and engages in litigation as expressive activity when appropriate.

3.     PLN has approximately 7,000 subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the public. PLN distributes its monthly publication to prisoners and law librarians in approximately 2,200 correctional facilities across the United States, including the Federal Bureau of Prisons and the Georgia Department of Corrections. PLN publishes and distributes a soft-cover monthly journal, and publishes and distributes books about the criminal justice system and legal issues affecting prisoners.

4.     Defendant Joe Chapman is the Sheriff of Walton County. He is responsible for the operations of the Walton County Jail and the training and supervision of Jail staff who implement the Jail's prisoner mail policy. He is the policymaker for the Jail and is responsible for setting the mail policy that is subject of this lawsuit. He is being sued in both in his individual and official capacities. He is being sued in his official capacity for injunctive relief only.  At all relevant times, he has acted under color of state law.

5.     Defendant Wade Harris is an employee of the Walton County Sheriff's Office and the jail commander for Walton County Jail.  He is responsible for, among other things, implementing and enforcing policies promulgated by Defendant Chapman at the Walton County Jail, including the mail policies at issue in this lawsuit.  He is being sued in both his individual and official capacities.  He is being sued in his official capacity for injunctive relief only.   At all relevant times, he has acted under color of state law.

## II. JURISDICTION AND VENUE

6.     Plaintiffs, in bringing an action to redress the deprivation of constitutionally protected rights under the First and Fourteenth Amendments of the United States Constitution, assert claims presenting a federal question under 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

7.     Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and all Defendants reside within this district.

### III. FACTUAL ALLEGATIONS

*PLN sends reading material to the Walton County Jail*

8.     PLN engages in core protected speech and expressive conduct on matters of public concern.

9.     The Walton County Jail is located in Monroe, Georgia and has an average daily population of 335 inmates.

10.     Inmates at Walton County Jail have expressed a desire to receive PLN publications and materials.

11.     During the past year, PLN and HRDC have sent reading materials and correspondence to inmates at Walton County Jail.

12.     These materials include the following: (a) sample copies of *Prison Legal News* enclosed in a manila envelope and sent via First Class Mail; (b) current monthly editions of the *Prison Legal News* journal sent directly from its printer; (c) the paperback book *Protecting Your Health and Safety* sent via Media Mail; (d) PLN's Informational Brochure Pack with three double-sided brochures enclosed in a standard #10 size envelope and sent via First Class Mail and (e) subscription renewal letters for the *Prison Legal News* Journal enclosed in a standard #10 size envelope and sent via First Class Mail (hereafter referred to collectively as "PLN Reading Materials").

13.     Since January 2012, PLN estimates that it has sent to inmates at Walton County Jail approximately:

a.      222 separate issues of its *Prison Legal News* monthly journal;

b.      41 copies of the book, *Protecting Your Health and Safety*;

c.      41 copies of its informational brochure pack; and

d.      9 subscription renewal letters.

14.     All mail was individually addressed with the name and prisoner identification number of each intended prisoner recipient at the Jail, and bore a clearly printed return address of:

> Prison Legal News
> P.O. Box 2420
> West Brattleboro, VT 05303

15.     In addition to PLN Reading Materials, PLN's attorney at the Human Rights Defense Center has also sent numerous pieces of legal mail to inmates at Walton County Jail on PLN's behalf.

16.     These letters were conspicuously marked as follows:

> SPECIAL MAIL LEGAL MAIL
> TO BE OPENED ONLY IN PRESENCE OF ADDRESSEE
> CONFIDENTIAL ATTORNEY-CLIENT WORK PRODUCT

17.     PLN's attorney has sent approximately 38 letters to inmates at Walton County Jail over the course of seven months.

*The Jail Censors Mail From Prison Legal News and its Attorneys*

18.   The Jail has censored PLN's mail by refusing to deliver it to the intended inmate recipients.

19.   Since January 2012, the Jail has censored :

    a.   at least 59 issues of *Prison Legal News;*

    b.   at least 2 copies of *Protecting Your Health and Safety*;

    c.   at least 36 copies of PLN's informational brochure pack; and

    d.   at least 7 subscription renewal letters.

20.   During this same period, the Jail has also censored legal mail sent on PLN's behalf.

21.   Specifically, the Jail has censored at least 27 pieces of legal mail sent by PLN's attorney to inmates at Walton County Jail.

22.   When the Jail censors PLN's mail, it generally returns them to PLN with the following stamp:



23.    The Jail does not provide notice to PLN or its attorney when it censors PLN's mail.

24.    The Jail does not inform PLN of the reason why it has censored PLN's mail.

25.    The Jail does not provide PLN with any opportunity to challenge the Jail's decisions to censor PLN's mail.

26.    The Jail does not provide any inmate with notice when it censors mail from PLN intended for said inmate.

27.    PLN has suffered financial damages, a diversion of resources, lost ability to engage in constitutionally protected activity, frustration of mission, and other damages includinga particularized loss of its constitutional rights.

*The Jail's mail policy*

28.    The current mail policy at Walton County Jail provides as follows: "**NO publications of any kind are to be accepted through the mail.  Books are available on a regular basis from the facility library.**" (emphasis added).

29.    This policy has been in effect at the Jail since, at least, April 8, 2011, and is used by the Jail to censor PLN Reading Materials.

30.    On October 7, 2010, Defendant Harris circulated a memorandum announcing the Jail's postcard-only policy.

31.    In this memo, Mr. Harris stated that "**[e]ffective November 1, 2010 all written communications between inmates and citizens will be done on a post card.  All outgoing and incoming mail must be done on a post card except legal mail**." (emphasis added).

32.    Mr. Harris went on to explain that "all letters mailed to an inmate at the Walton County Detention Center will be returned to sender."

33.    Mr. Harris' October 7, 2010 memorandum is embodied in the Jail's official mail policy.

34.    This policy provides, in pertinent part:

> **Inmates in the Walton County Detention Facility are allowed to send and receive mail by non-personal photo post card only unless it is for the receipt of a money order for commissary purposes … or there is documented justification for a limitation of mail privileges.**

(emphasis added).

35.    This policy has been in effect at the Jail since at least April 8, 2011,

36.    The Jail has used this policy to censor mail sent by PLN and on PLN's behalf to inmates at Walton County Jail.

37.    This policy was both created, approved and implemented by Defendant Chapman and Defendant Harris.

38.    Under the Jail's mail policy, any mail that is deemed "privileged" "shall not [be] read or censor[ed]" and, at most, should only be inspected for contraband.

39.    The Jail defines "privileged" mail as "[m]ail clearly marked as being sent from the prisoner's legitimate attorney of record or their staff, court officials, government officials and the media."

40.    This classification of "privileged mail" has been implemented as part of the Jail's official mail policy since at least April 8, 2011.

41.    The legal mail sent by PLN's attorney on behalf of PLN to inmates at Walton County Jail is not considered "privileged mail" under the Jail's policy.

42.    The Jail has censored legal mail from PLN's attorney under this policy.

43.    The Jail's mail policy contains "censorship guidelines" for reviewing incoming mail to inmates but only for postcards.  The Jail has no such standards for reviewing incoming non-postcard legal mail.

44.    The Jail's mail policy contains a process for notifying the author of a postcard when the Jail censors the postcard.

45.    The Jail's mail policy provides no such notice to authors of non-postcard mail that has been censored by the Jail.

46.     The Jail's mail policy contains a process by which the authors of certain postcards that have been censored by the Jail are afforded an opportunity to challenge or appeal the Jail's censorship decisions.

47.     The Jail's mail policy provides no such opportunity to authors of non-postcard legal mail that has been censored by the Jail.

## IV. CAUSES OF ACTION

*Allegations common to all counts*

48.     Each act and omission alleged herein was taken under color of law and all employees and officers of the Walton County Sheriff's Department acted within the scope of their official duties in enforcing the mail policy of the Walton County Jail.

49.     The Jail's mail policy was promulgated by Jail Commander Wade Harris under the authority of Joe Chapman, the Sheriff of Walton County who delegated to Harris the power to develop the mail policy.

50.     The constitutional violations described herein have caused damages to Plaintiff and will continue to cause Plaintiff damages.

51.     PLN's injuries are redressable with a favorable ruling by this Court and by an award of damages in an amount to be determined by a jury.

52.    Punitive damages are warranted as to this claim because each Defendant's conduct involved reckless or callous indifference to the Plaintiff's federally protected rights, intentionally violated federal law, or involved ill will, a desire to injure, and malice.   Defendants' conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards.

53.    At all times pertinent hereto, it was clearly established law "that both inmates and noninmates have a First Amendment interest in correspondence sent to one another."   *Perry v. Sec. of Fla. Dep't of Corrections*, 664 F.3d 1359, 1363 (11th Cir. 2011) (citations omitted).

54.    At all time pertinent hereto, it was clearly established law that "speech on public issues occupies the 'highest rung of the hierarchy of First Amendment values,' and is entitled to special protection." *Connick v. Myers*, 461 U.S. 138, 145 (1983) (citations omitted).  *See also Pell v. Procunier*, 417 U.S. 817, 830 n.7 (1974) ("[T]he conditions in this Nation's prisons are a matter that is both newsworthy and of great public importance").

55.    That the Jail has adopted and implemented a wide-reaching censorship policy and has applied this policy with particular vigor to PLN, an organization whose speech is entitled to heightened constitutional protection, evinces a reckless and deliberate disregard for the constitutional rights of Plaintiff thus providing an

additional basis for the award of punitive damages against Defendants in their individual capacities.

## Count 1
### Publication Ban
### Violation of the First Amendment
### under 42 U.S.C. §1983

56.     PLN publishes numerous books, periodicals and other publications.

57.     PLN has a protected First Amendment right to communicate with prisoners by sending monthly journals, books, pamphlets, and other publications.

58.     The prisoners of the jail have a constitutionally protected right in receiving PLN publications.

59.     The jail's publications ban prohibits subscribers and correspondents from receiving any publication from any source including PLN.

60.     Under clearly established law "restrictive prison regulations are permissible only if they are 'reasonably related' to legitimate penological interests,' and are not an 'exaggerated response' to such objectives." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (quoting *Turner v. Safley*, 482 U.S. 78 (1987)).

61.     The Jail's publications ban is not reasonably related to any legitimate penological interest.

62.    The publication ban is an exaggerated response to any interest that might be proferred by the Jail, including its need to inspect inmate mail.  There exist numerous other less restrictive alternatives for the Jail that do not involve banning entire classes of mail and thus infringing on the First Amendment rights of free citizens and inmates alike.

63.    PLN has no alternative means with which to exercise its First Amendment rights.

64.    Accommodating PLN's First Amendment rights will not have a detrimental impact on those inside the jail or on the allocation of the jail's resources.

65.    The Jail's absolute ban on publications violates clearly established law because at all times pertinent to this complaint any reasonable jail official would have known that prohibiting inmates from receiving any and all publications contravenes the First Amendment.

66.    The Jail's absolute ban on publications violates clearly established law because at all times pertinent to this case the state of the law was such that Defendants had fair warning that their absolute ban on publications violated the First Amendment.

### Count 2

*Postcard-only Policy*
*Violation of the First Amendment*
*under 42 U.S.C. §1983*

67.     PLN corresponds with inmates across the country about various matters, including jail and prison conditions, subscription orders and renewals for PLN's publications, and other issues affecting prisoners' daily lives.

68.     These communications are sometimes contained in a regular #10 business-sized envelope and include informational brochures and subscription renewal letters.  They are neither publications nor legal mail. PLN has sent such mail to inmates at Walton County Jail.

69.     The Jail has used its postcard-only policy to censor this mail.

70.     The substance of the communications contained in this mail cannot fit within the four corners of a postcard and thus effectively prohibits PLN from corresponding with inmates at Walton County Jail in violation of its First Amendment rights.

71.     The Jail's postcard-only policy is not reasonably related to any legitimate, neutral penological interest.

72.     The Jail's postcard-only policy is an exaggerated response to any interest that might be asserted by the Jail.   There exist numerous other less

restrictive alternatives for the Jail that do not involve banning entire classes of mail and thus infringing on the First Amendment rights of free citizens and inmates alike.

73. PLN has no alternative means with which to exercise its First Amendment rights.

74. Accommodating PLN's First Amendment rights will not have a detrimental impact on those inside the jail or on the allocation of the jail's resources.

75. The Jail's postcard-only policy violates clearly established law because at all times pertinent to this complaint any reasonable jail official would have known that banning all incoming first class mail to inmates violates the First Amendment.

76. The Jail's postcard-only policy violates clearly established law because at all times pertinent to this case the state of the law was such that Defendants had fair warning that their ban on all non-postcard mail violated the First Amendment.

**Count 3**

*Unconstitutionally Narrow exception for Privileged Mail*
*Violation of the First Amendment*
*under 42 U.S.C. §1983*

77.    Under the Jail's mail policy, "privileged mail" is defined as "[m]ail clearly marked as being sent from the inmate's legitimate attorney of record or their staff, court officials, government officials and the media."

78.    Neither PLN nor its attorneys are "attorney[s] of record" to any of the inmates at Walton County Jail.

79.    PLN is an advocacy organization that engages in litigation as a form of political expression and as a means of vindicating its own Constitutional rights and the rights of prisoners and their correspondents.

80.    Legal mail sent to prisoners by attorneys on PLN's behalf is not considered "privileged mail" under the Jail's mail policy.

81.    As applied, the Jail has used its "privileged mail" policy to censor legal mail sent on PLN's behalf.

82.    The Jail's privileged mail policy is not reasonably related to any legitimate, neutral penological interests.

83.    The Jail's postcard-only policy is an exaggerated response to any interest that might be asserted by the Jail.   There exist numerous other less

restrictive alternatives for the Jail that do not involve banning entire classes of mail and thus infringing on the First Amendment rights of free citizens and inmates alike.

84.   PLN has no alternative means with which to exercise its First Amendment rights to employ counsel to communicate with prisoners who are fact witnesses to apparent violations of PLN's Constitutional rights.

85.   Accommodating PLN's First Amendment rights will not have a detrimental impact on those inside the jail or the allocation of the jail's resources.

86.   At all times pertinent hereto, it was clearly established law that advocacy groups like PLN have a First Amendment right to engage in litigation as "as a form of political expression," *NAACP v. Button*, 371 U.S. 415, 429 (1963), and to "advocate[] lawful means of vindicating legal rights, including advising another that his legal rights have been infringed and referring him to a particular attorney or group of attorneys … for assistance," *In re Primus*, 436 U.S. 412, 432 (1978) (internal quotation marks and citation omitted).  *See Jean v. Nelson*, 711 F.2d 1455 (11th Cir. 1983) ("[I]f *Button* and *Primus* mean anything they permit legal counsel to inform individuals of their legal rights when counsel does so as an exercise of political speech unaccompanied by expectation of renumeration").

87.     The Jail's censorship of PLN's legal mail violates clearly established law in that at all times pertinent to this complaint any reasonable jail official would have known that censoring the legal mail of an advocacy organization like PLN is a violation of the First Amendment to the United States Constitution.

88.     The Jail's censorship of PLN's legal mail violates clearly established law in that at all times pertinent to this complaint the state of the law was such that Defendants had fair warning that their censorship of PLN's legal mail violated the First Amendment.

## Count 4

*Failure to Provide Notice and Appeal*
*Denial of Procedural Due Process*
*under 42 U.S.C. §1983*

89.     The United States Constitution guarantees that a prison mail censorship regulation must provide notice of censorship and an opportunity, to both the sender and prisoner, to appeal any decision to reject or censor mail.

90.     The Jail's mail policy contains no standards governing the review of non-post card mail or privileged mail. Any mail that is not on a post card is deemed to violate the mail policy and is rejected outright. No notice is given to any party and there is no opportunity to appeal the censorship.

91.   By failing to give Plaintiff sufficient notice of the censorship of its publications, and an opportunity to be heard with respect to that censorship, Defendants have deprived and continue to deprive Plaintiff of liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

92.   At all time pertinent hereto, the law was clearly established that "the decision to censor or withhold delivery of a particular letter [in the jail setting] must be accompanied by minimum procedural safeguards." *Procunier*, 416 U.S. at 417.

## V. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

a. issue a preliminary and permanent injunction against Defendants in their official capacities requiring them to cease enforcement of the challenged provisions of its mail policy and to afford Plaintiff constitutional due process;

b. issue a declaratory judgment  that the challenged policies and procedures violate the United States Constitution;

c. award compensatory, punitive, and nominal damages for each violation of

the Plaintiff's constitutional rights in an amount to be proven at trial against

the Defendants in their individual capacities;

d. award pre-judgment and post-judgment interest;

e. award court costs and attorney's fees under 42. U.S.C. § 1988;

f. hold a trial by jury on all issues so triable; and

g. order such relief as the Court deems just and equitable.

Respectfully submitted, this the 21st day of September 2012.


/s Brian Spears, Esq.
G. Brian Spears, Esq.
(Georgia Bar No. 670112)

1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
404-872-7086 – Tele.
404-892-1128 – Fax
bspears@mindspring.com


/s Albert Wan, Esq.
Albert Wan, Esq.
(Georgia Bar No. 334224)

1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
(404) 872-7760 – Tele.
(404) 872-7764 - Fax
albert@albertwanlaw.com


/s Gerald Weber, Esq.
Gerald Weber, Esq.
(Georgia Bar No. 744878)

P.O. Box 5391
Atlanta, GA 31107
(404) 522-0507 – Tele.
wgerryweber@gmail.com


/s Jeffrey Filipovits, Esq.
Jeffrey R. Filipovits, Esq.
(Georgia Bar No. 825553)

2900 Chamblee Tucker Road
Building 1
Atlanta, Georgia 30341
(770) 455-1350 – Tele.
(770) 455-1449 – Fax
jrfilipovits@gmail.com

/s Lance Weber, Esq.
Lance Weber, Esq.
*Pro Hac Vice admission pending*

Human Rights Defense Center
Chief Counsel
P.O. Box 2420
Brattleboro, Vermont 05303
(802) 579-1309 – Tele.
(866) 228-1681 – Fax
lweber@humanrightsdefensecenter.org

/s Alissa Hull, Esq.
Alissa Hull, Esq.
*Pro Hac Vice admission pending*

Human Rights Defense Center
Staff Attorney
P.O. Box 2420
Brattleboro, Vermont 05303
(802) 579-1309 – Tele.
(866) 228-1681 – Fax
ahull@humanrightsdefensecenter.org