UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, a Not for Profit Corporation, Incorporated in the State of Washington, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | |
| JOE CHAPMAN, the Sheriff of Walton County, Georgia, and WADE HARRIS, the Jail Commander for Walton County Jail, in their official and individual capacities | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR A PRELIMINARY
AND/OR PERMANENT INJUNCTION
AGAINST DEFENDANTS JOE CHAPMAN AND WADE HARRIS**

COMES NOW, Plaintiff, Prison Legal News (PLN), a project of the Human

Rights Defense Center, and pursuant to Federal Rule of Civil Procedure 65(a) files

this motion against Defendants Joe Chapman and Wade Harris in their official

capacities for an order preliminarily enjoining Defendants from enforcing

unconstitutional mail policies implemented at Walton County Jail ("the Jail") and

requiring the Jail to provide PLN with constitutional due process.  Plaintiff submits

the following in support of its motion:

1

(1) Plaintiff's Brief in Support of Motion for a Preliminary Injunction and

Exhibits A through F attached thereto;

(2) Declaration of Paul Wright, Founder and Editor of PLN; and

(3) Declaration of Lance Weber, Chief Counsel for Human Rights Defense

Center.

WHEREFORE, Plaintiff respectfully requests that this Court grant this

motion in its entirety against Defendants Chapman and Harris, and:

(a)     Enjoin Defendants from censoring Plaintiff's publication, *Prison*

*Legal News,* and refusing to deliver said publication to inmates at Walton County

Jail;

(b)     Enjoin Defendants from censoring Plaintiff's books and refusing to

deliver said books to inmates at Walton County Jail;

(c)     Enjoin Defendants from censoring Plaintiff's correspondence

contained in envelopes and refusing to deliver said correspondence to inmates at

Walton County Jail;

(d)     Enjoin Defendants from censoring legal mail sent from Plaintiff's

attorneys and refusing to deliver said legal mail to inmates at Walton County Jail;

(e)     Order Defendants to provide Plaintiff with constitutionally sufficient

due process such that Plaintiff is provided written notice of any censorship

decision made by Defendants with respect to Plaintiff's mail and an opportunity in which to challenge such a decision;

(f)     Enjoin Defendants from implementing and enforcing any and all of the Jail's mail policies and directives that are the subject of this motion; and

(g) Order any relief this Court deems just and appropriate.

Plaintiff does not request an evidentiary hearing in this case, nor is one necessary here given the undisputed facts and what is essentially a facial challenge. *See Cumulus Media, Inc. v. Clear Channel Communications*, 304 F.3d 1167, 1178 (11th Cir. 2002) ("[a]n evidentiary hearing is required for entry of a preliminary injunction only where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue") (internal quotations omitted)*; McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311 (11th Cir 1998) ("Rule 65 does not require an evidentiary hearing," and hearing unnecessary where "material facts are not in dispute"); *Budlong v. Graham*, 488 F. Supp. 2d 1245, 1249 (N.D. Ga. 2006) ("The Court does not read Eleventh Circuit precedent to require a trial court to hold an evidentiary hearing whenever facts might be in dispute. The determination of whether the germane facts are 'bitterly contested' is not, as this Court understands it, an exercise in the conceivable, but an assessment made on the papers and arguments in the record.").

Plaintiff does, however, request that this Court consider consolidation of the preliminary injunction with permanent injunctive relief which it is authorized to do under the law of this Circuit. *Drummond v. Fulton Cty. Dep't of Family and Children's Servs.*, 563 F.2d 1200, 1204 (5th Cir. 1977) ("the consolidation represented a responsible exercise of judicial discretion in view of the essentially legal nature of the contest and the need for prompt action on this case"); *Budlong*, 488 F. Supp. 2d at 1248-50 (analyzing the factors to be considered in consolidating a preliminary injunction with a trial on the merits without the necessity of a hearing). Plaintiff does not waive any relief, including damages, in seeking consolidation.

Respectfully submitted this 21st day of September 2012.

/s Brian Spears, Esq.
G. Brian Spears, Esq.
(Georgia Bar No. 670112)

1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
404-872-7086 – Tele.
404-892-1128 – Fax
bspears@mindspring.com

/s Gerald Weber, Esq.
Gerald Weber, Esq.
(Georgia Bar No. 744878)

P.O. Box 5391
Atlanta, GA 31107
(404) 522-0507 – Tele.
wgerryweber@gmail.com

/s Albert Wan, Esq.
Albert Wan, Esq.
(Georgia Bar No. 334224)

1201 Peachtree Street NE
400 Colony Square, Suite 200

/s Jeffrey Filipovits, Esq.
Jeffrey R. Filipovits, Esq.
(Georgia Bar No. 825553)

2900 Chamblee Tucker Road
Building 1

4

Atlanta, GA 30361                          Atlanta, Georgia 30341
(404) 872-7760 – Tele.                     (770) 455-1350 – Tele.
(404) 872-7764 - Fax                       (770) 455-1449 – Fax
albert@albertwanlaw.com                    jrfilipovits@gmail.com


/s Lance Weber, Esq.                       /s Alissa Hull, Esq.
Lance Weber, Esq.                          Alissa Hull, Esq.
*Pro Hac Vice admission pending*           *Pro Hac Vice admission pending*

Human Rights Defense Center                Human Rights Defense Center
Chief Counsel                              Staff Attorney
P.O. Box 2420                              P.O. Box 2420
Brattleboro, Vermont 05303                 Brattleboro, Vermont 05303
(802) 579-1309 – Tele.                     (802) 579-1309 – Tele.
(866) 228-1681 – Fax                       (866) 228-1681 – Fax
lweber@humanrightsdefensecenter.org        ahull@humanrightsdefensecenter.org