UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, a Not for Profit Corporation, Incorporated in the State of Washington, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 3:12-CV-125-CAR |
| v. | )<br>)<br>) |
| JOE CHAPMAN, the Sheriff of Walton County, Georgia, and WADE HARRIS, the Jail Commander for Walton County Jail, in their official and individual capacities | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY
LANCE T. WEBER AS ATTORNEY FOR PLAINTIFF**

I. INTRODUCTION

Plaintiff Prison Legal News (PLN) filed its Motion for a Preliminary and/or Permanent Injunction against Defendants Joe Chapman and Wade Harris on September 21, 2012. (D/E 7-0) and included a declaration from Plaintiff's attorney and general counsel Lance T. Weber (D/E 7-3). Mr. Weber's declaration stated, in part, that he sent thirty-eight letters clearly marked as "LEGAL MAIL" to

1

prisoners at the Walton County jail ("the jail") and that twenty-seven of these letters were censored and returned to him.  (D/E 7-3 ¶¶ 9-12)  His declaration stated that nearly all of these twenty-seven were marked with a stamp stating, "Unauthorized Mail, Return to Sender" and "Refused." (D/E 7-3 ¶ 12). Defendants claim that these statements by Mr. Weber in support of PLN's pretrial motion are enough to warrant his disqualification from participating as counsel in this matter (D/E 22 and 22-1).  For the reasons stated in this motion, Mr. Weber is not a necessary witness, Defendants have not met the burden for demonstrating that disqualification is required in this case and Mr. Weber should not be disqualified.  Plaintiff requests that Defendants' motion to disqualify be denied or, in the alternative, held in abeyance until after the completion of discovery.

## II.   ARGUMENT

A.   DEFENDANTS HAVE NOT DEMONSTRATED THAT MR. WEBER IS A NECESSARY OR RELEVANT WITNESS

Rule 3.7(a) of the Georgia Rules of Professional Conduct controls whether an attorney's role as an advocate is compromised:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

The party moving for disqualification has the burden of showing "that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." *Clough v. Richelo*, 274 Ga. App. 129, 132 (2005). Here, Defendants claim that Mr. Weber's testimony is necessary to determine both the content of his legal mail (D/E 22-1, at 6) and the identity of the intended recipients of Mr. Weber's legal mail (*Id*. at 5). Further, Defendants claim that Plaintiff's standing on the legal mail claim is dependent upon the testimony of Mr. Weber, but give no detail as to what that testimony might entail (*Id*.). None of these reasons carry the burden required to disqualify Mr. Weber.

### I. THE CONTENT OF MR. WEBER'S LETTERS IS IRRELEVANT IN THIS LAWSUIT

Defendants claim that Mr. Weber is a necessary witness in order to determine the content of his letters to inmates at the Jail. However, Defendants themselves admit that the content of those letters has nothing to do with any of Plaintiff's claims. According to Defendants, the Jail's mailroom staff decide whether mail is privileged by looking at the face of the envelope to see if it "bears a return address from a law firm or from an attorney." (D/E 21, Ex. 2 ¶ 3, Ex. 3 ¶ 3). Mr. Weber has submitted a sworn declaration stating that the envelopes he uses to correspond with prisoners contain a return address block which indicates that the correspondence is being sent from an attorney. (D/E 7-3 ¶ 9, *see also* Declaration

3

of Lance Weber, D/E 31, Ex. 1)  Defendants provide no evidence to contradict this; they only claim ignorance.  (D/E 21, Ex. 2 ¶ 7, Ex. 3 ¶ 7)  Plaintiff has attached as Exhibit 1 to the Declaration of Lance Weber (D/E 31) duplicate copies of the envelopes which contain the legal mail at issue.  Defendants need nothing more to properly defend themselves against Plaintiff's claims and they certainly do not need Mr. Weber's deposition or the contents of his legal mail.  For these reasons, Mr. Weber is not a necessary witness and should not be disqualified from this case.

Defendants have not alleged that Mr. Weber's mail was or could have been censored and returned because of its content.  Mr. Weber's declaration stated that the mail at issue was sent to prisoners at the jail so that he might "inquir[e] about their receipt of specific literature from PLN in order to investigate the facts and circumstances of [this case]." (D/E 7-3 ¶ 11) Defendants have offered no reason at all why the content of these letters would be relevant to this case.   Unlike one case quoted by Defendants, where an attorney was disqualified precisely because the content of the attorney's correspondence was at issue, there is no need here for Mr. Weber to be disqualified simply because Defendants don't know exactly what those letters stated. *See Foster-Thompson v. Thompson*, 2006 U.S. Dist. LEXIS 6602 (M.D. Fla. 2006).  Defendants' Declarations state that neither the content of an attorney's legal mail nor the attorney's status as an "attorney of record" are

4

considered when deciding whether legal mail should be censored so there is no basis for any sort of discovery about the content of the mail at issue here.

      II.     THERE IS NON-PRIVILEGED EVIDENCE TO SUPPORT PLAINTIFF'S CLAIMS BESIDES MR. WEBER'S TESTIMONY

Defendants claim they need the identity of the specific inmates to whom Mr. Weber sent legal mail and that Mr. Weber is the only source of that information (D/E 22-1, at 5). "A lawyer is a necessary witness under Rule 3.7 if his or her testimony is relevant, material and unobtainable elsewhere." *Clough v. Richelo*, 274 Ga.App. 129, 133 (2005); *Stewart v. Bank of America*, 203 F.R.D. 585, 586 (M.D.Ga 2001); *Hallmark Developers Inc. v. Fulton County*, 2004 WL 5492706 at 9 (N.D.Ga. 2004). Not only does the law protect lawyers from being called to testify for or against their clients, but disqualification is disfavored especially if the "evidence regarding non-privileged matters is attainable other than from [a party's attorney]." *In re Harrington*, 2007 WL 7141825 (Bkrtcy N.D.Ga.).

As noted above, copies of the censored and returned envelopes mailed by Mr. Weber, with his return address clearly indicated on the envelope are attached as Exhibit 1 to the Declaration of Lance Weber (D/E 31). These envelopes are all postmarked by the United States Postal Service and contain dates of censorship by the Jail staff as indicated by their handwritten markings. As Mr. Weber previously

indicated in his earlier declaration, those letters also bear markings from a rubber stamp which state, "Unauthorized Mail, Return to Sender" and "Refused."  There is no need for Mr. Weber to testify in addition to supplying this evidence; such testimony would be duplicative and unnecessary. *See Clough v. Richelo*, 274 Ga.App. 129, 133 (2005) ("disqualification is not required if the lawyer's testimony will be merely cumulative of other evidence."); *see also Stewart v. Bank of America*, 203 F.R.D. 585, 586 (M.D.Ga. 2001), quoting *World Youth Day v. Famous Artists Merchandising Exchange*, 866 F. Supp. 1297, 1303-1304 (a lawyer is a necessary witness if "his or her testimony is relevant, material and unobtainable elsewhere").  Aside from the obvious point that Defendants are in a better position than Plaintiff to determine the facts about how these envelopes were processed and marked with the Jail's stamp and handwriting from Jail staff, Defendants fail to articulate exactly what relevant facts might be revealed by Mr. Weber's testimony that could not be proven in any other way.

> III. DEFENDANTS' CLAIM THAT MR. WEBER WOULD OFFER VALUABLE TESTIMONY IS VAGUE AND UNSUPPORTED BY FACT.

Defendants' argument that the standing for PLN's claim for the constitutional violations with respect to the mail sent from attorney Lance Weber fails to recognize that PLN has standing in its own right on these claims.  While it

is true that Mr. Weber, as the attorney author, also owns a claim against Defendants for the constitutional violations with respect to the legal mail at issue in this case, he has not brought those claims in this case. It is PLN's right to communicate with prisoners through counsel via legal mail that is at issue here. The Supreme Court long recognized that organizations have a First Amendment right to engage in litigation as a means of achieving social and political goals: "In the context of NAACP objectives, litigation is not a technique of resolving private differences; it is a means for achieving the lawful objectives of equality of treatment... It is thus a form of political expression." *NAACP v. Button*, 371 U.S. 416, 429 (1963).

Other courts have recognized that non-profit organizations like PLN have constitutional rights of access to prisoners when the occasion that demands such access is related to the deprivation of constitutional rights. In *Haitian Centers Council, Inc. v. Sale*, 823 F.Supp. 1028 (E.D. N.Y. 1993) the District Court upheld an organization's right of access to prisoners that did not depend on the existence of an attorney-client relationship between the prisoner and the visitor:

> "The right of legal and political advocacy organizations to associate with and advise persons regarding their legal rights are modes of political expression protected by the First Amendment. *In re Primus*, 436 U.S. 412 (1978); *NAACP v. Button*, 371 U.S. 415 (1963)."

*Id*. at 1040. Similarly, in *Jean v Nelson*, 711 F.2d 1455 (11th Cir. 1983) the

appellate court declared that a non-profit organization had a right to communicate with prisoners through counsel as an exercise of political speech:

> "[W]e find merit in plaintiff's first amendment claims under the rationales of *NAACP v. State ex rel. Patterson*, 357 U.S. 449 (1958); *NAACP v. Button*, 371 U.S. 415 (1963); and *In re Primus*, 436 U.S. 412 (1978). In *Cruz v. Beto*, 603 F.2d 1178 (5th Cir.1979), we established that certain rights of mutual access exist between prisoners and counsel.
>
> "More particularly we sustain plaintiff HRC's purely legal claim of a right to solicit clients in detention. Although this solicitation may not permit individual face-to-face encounter, if *Button* and *Primus* mean anything they permit legal counsel to inform individuals of their legal rights when counsel does so as an exercise of political speech unaccompanied by expectation of remuneration. ... Consequently we uphold the efforts of HRC in this regard."

*Id*. at 1508-09.   It follows that if an organization has standing to sue to enforce its right to investigate and pursue the claims of third parties – in this case prisoners – then PLN certainly has standing here to bring its own claim to enforce its own constitutional rights.  That proof of these claims might involve prisoner-specific evidence does not deprive PLN of standing.

Defendants do not dispute that Mr. Weber is a licensed attorney and so there is no apparent reason to depose him in order to investigate facts related to PLN's standing in this matter.  Defendants have not articulated any way in which deposition testimony from Mr. Weber might be relevant to PLN's standing in this matter. (*See* D/E 22-1, at 5).  Moving to disqualify by "simply averring that the opposing attorney might possess information that is damaging to the [Defendants']

8

case" or to bolster one's case at trial is not an acceptable use of Rule 3.7 because "to approve of such a tactic would be opening the door to blatant misuse of a rule that already has great potential for abuse." *Clough v. Richelo*, 274 Ga.App. 129, 136 fn. 7 (Court of Appeals 2005).  Indeed, it is unclear what other information besides the copies of the returned legal mail envelopes would be needed to show that the Jail censored legal mail or how Mr. Weber's testimony would shed light on the Jail's unconstitutional policies and practices.  Defendants have not shown that disqualification is necessary, based on these vague allegations.

  B. DISQUALIFICATION IS IMPROPER FOR PRE-TRIAL PROCEEDINGS

  Mr. Weber's use of a declaration in support of Plaintiff's motion for injunctive relief does not automatically require disqualification.  "The text of the rule is clear that the prohibition only applies when the lawyer acts both as an advocate and a witness *at trial*." *Hallmark Developers Inc. v. Fulton County*, 2004 WL 5492706 at 8 (N.D.Ga. 2004) (emphasis in original).  This is based on the principle that jurors, as triers of fact, would be unable to distinguish between testimony and advocacy. *In re Harrington*, 2007 WL 7141825 (Bkrtcy N.D.Ga. 2007), quoting *Duncan v. Poythress*, 777 F. 2d 1508, 1515, fn. 21 (11th Cir. 1985).

  Here, there is no proposal or indication that Mr. Weber will testify at trial and this matter concerns a pre-trial motion determined by this Court.  In *Clough v.*

*Richelo*, the Georgia Court of Appeals reviewed similar disqualification rules in other jurisdiction and found:

> There is great potential for juror confusion about which role the lawyer is serving trial … *Chapman Engineers v. Natural Gas Sales Co.*, 766 F.Supp. [949] at 957 [D.Kan.1991] ("One of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness). We find, however, that concerns about possible juror confusion are not relevant to pre-trial proceedings. See *Culebras Enterprises Corp. v. Rivera-Rios*, 846 F.2d [94] at 100-101 [1st Cir. 1987] (holding that Rule 3.7 does not prohibit a lawyer who will testify at trial from acting as counsel in pre-trial discovery); *Pyne v. Procacci Bros. Sales Corp., etc.,* 1997 U.S. Dist. LEXIS 15672 (holding that lawyers who were necessary witnesses in the case under Rule 3.7 were not prohibited from representing their clients in all pre-trial matters, including discovery); cf. *World Youth Day v. Famous Artists Merchandising Exchange*, 866 F. Supp. [1297] at 1303-1304 [D.Colo.1994] (holding that an attorney who was going to be a necessary witness at trial may participate in pre-trial hearings, conference, motions practice, etc., but should be disqualified from taking or defending depositions because, at trial, his participation in the depositions will be evident and confusing to the jurors)."

*Clough v. Richelo*, 274 Ga.App. 129, 137 (Court of Appeals 2005). Because Mr. Weber submitted a pre-trial declaration for review by this Court, there should be no confusion as to his role at this stage in this case.

Lastly, some courts have recognized that "the limited and specialized use of an affidavit by an attorney, who does not testify at trial for his clients, provides an insufficient justification to allow opposing counsel to deprive a party of its right to counsel of its choice. Being hearsay, affidavits are generally inadmissible in evidence; however, where the judge is the trier of fact, affidavits serve the

10

important purpose of being a ready and economical vehicle to expedite a [pre-trial motion]." *Hallmark Developers Inc. v. Fulton County*, 2004 WL 5492706 at 9 (N.D.Ga.2004) (holding that an affidavit in opposition to a motion for summary judgment does not make the affiant a necessary witness).  Disqualification is not only unwarranted but improper at this stage.

    C.    DISQUALIFICATION IS DISFAVORED

Generally, disqualification is disfavored because of its "immediate adverse effect on the client by separating him from counsel of his choice, because parties often move for disqualification of opposing counsel for tactical reasons, and because even when made in the best of faith, such motions inevitably cause delay." *Clough v. Richelo*, 274 Ga.App. 129, 132 (Court of Appeals 2005), quoting *Reese v. Ga. Power Co.*, 191 Ga.App. 125 (1989) (internal quotes removed).  Courts must balance the need to ensure ethical conduct on the part of lawyers against the litigant's right to free chosen counsel. *Clough v. Richelo*, 274 Ga.App. at 132 (Court of Appeals 2005).

Although Defendants claim that no hardship will result from disqualifying Mr. Weber, it will in fact prevent PLN from using the director of its litigation and chief in-house counsel.  Because PLN is a small non-profit with only two attorneys for the entire organization, it has affiliated with local counsel to vindicate PLN's

constitutional rights. However, without Mr. Weber's specialized knowledge as in-house counsel, it creates a strain on the other attorneys who have agreed to litigate this case.

Courts may hold a motion to disqualify in abeyance pending discovery. *Stewart v. Bank of America*, 203 F.R.D. 585, 587-88 (M.D.Ga. 2001) *see also Caplan v. Braverman*, 876 F.Supp.710 (E.D.Pa.1995). Plaintiff requests this Court deny Defendants' motion to disqualify but, in the alternative, requests that the court wait to rule on this motion under after discovery. Plaintiff believes that evidence disclosed in discovery will address Defendants' concerns regarding the evidentiary basis of PLN's legal claims.

## CONCLUSION

Defendants have not described any testimony they believe Mr. Weber will provide that will be necessary to litigate or defend this case. Plaintiff therefore requests that this Court deny Defendants' Motion to Disqualify Lance T. Weber (D/E 22), or, in the alternative, Plaintiff requests that the court hold the motion in abeyance pending discovery.

Respectfully Submitted,

/s Albert Wan, Esq.
Albert Wan  (Georgia Bar No. 334224)
Albert Wan, Attorney at Law

1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
albert@albertwanlaw.com
(404) 872-7760

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 21, 2013, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Andrew H. Marshall
Begnaud & Marshall, LLP
1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603
(706) 316-1150 – Tele.
(706) 315-1153 – Fax
dmarshall@athens1867.com

/s Albert Wan, Esq.
Albert Wan  (Georgia Bar No. 334224)
Albert Wan, Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
albert@albertwanlaw.com
(404) 872-7760